**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM TIMOTHY MOODY,

        Plaintiff,

vs.                                                                  Case No. 3:15-cv-876-J-32JRK

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

## ORDER ON PLAINTIFF'S E.A.J.A. PETITION FOR ATTORNEY'S FEES

This case is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees (Doc. 19), pursuant to the Equal Access to Justice Act.

Based upon the unopposed application and supporting itemization and the Court's independent review, the Court makes the following legal and factual findings:

(1)     Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party," Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); the Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed and there are no special circumstances which would make the award unjust. See 28 U.S.C. §2412(d); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

(2)     The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines that an increase

in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

(3)      The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $190.27 for attorney time spent in 2015, $191.68 for attorney time spent during 2016, and $75.00 for paralegal time spent during 2015.

(4)      Plaintiff seeks an award based on 15  attorney hours and 14 paralegal hours. Upon review of plaintiff's counsel's time records, the Court finds the time spent is reasonable.[1]

(5)      The Court finds that $3,905.87 ($190.27 x 13.7 attorney hours in 2015 plus $191.68 x 1.3 attorney hours in 2016 plus $75.00 x 14.0 paralegal hours in 2015) is a reasonable fee in this case (plaintiff proceeded in forma pauperis and did not incur costs).

(6)      The motion includes an executed contract between plaintiff and his counsel authorizing the Commissioner to pay the attorney fees directly to plaintiff's counsel. See Doc. 19, Attachment.  By agreement of the parties, the government will pay the fees directly to plaintiff's counsel if the U.S. Department of Treasury determines that plaintiff does not owe a federal debt.

---

[1]The Eleventh Circuit authorizes the payment of paralegal fees under EAJA where, as plaintiff's counsel represents is the case here, the paralegal has performed work that would otherwise be performed by an attorney. See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Uncontested Petition for Attorney's Fees (Doc. 19) is **GRANTED** and the

Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of

**$3,905.87** in attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of November, 2016.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies to:

Richard A. Culbertson, Esq.
John F. Rudy, III, Esq. (AUSA-Tampa)